UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Michael Henry**, <br><br> Plaintiff, <br><br> vs. <br><br> **Herman Losely and Son, Inc.**, **Karl Losely**, and **Edward Losely**, <br><br> Defendants. | No. _____ <br><br> **COMPLAINT** |

Plaintiff, Michael Henry ("Plaintiff") alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action against Defendants, Herman Losely and Son, Inc., Karl Losely, and Edward Losely, (collectively "Defendants"), for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

2.      This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

3.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees a one and one-half times their regular rates of pay for all time spent working in excess of 40 hours in a given workweek.

-1-

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and

29 U.S.C. § 201, *et seq*., because this civil action arises under the Constitution, the law of

the United States.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c)

because acts giving rise to the claims of Plaintiff occurred within the Northern District of

Ohio, and Defendants regularly conduct business in and have engaged in the wrongful

conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial

district.

## PARTIES

6.      At all material times to the matters alleged herein, Plaintiff is an individual

residing in Lake County, Ohio, and is a former employee of Defendants.

7.      At all material times, Plaintiff is a full-time, non-exempt employee of

Defendants from approximately July 4, 2016, through approximately November 17,

2017.

8.      At all material times, Plaintiff was employed by Herman Losely and Son,

Inc. as a sales and customer service representative.  Herman Losely and Son, Inc.

employed Plaintiff to perform various duties, including, but not limited to, customer

service, sales, order picking/shipping, inventory, maintenance, and other manual labor.

9.      At all material times, Plaintiff was an employee of Herman Losely and Son,

Inc. as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C.

§ 213(a)(1).

-2-

10.     Defendant Herman Losely and Son, Inc. is an Ohio Corporation, authorized to do business in the State of Ohio and was at all relevant times Plaintiff's Employer as defined by 29 U.S.C. § 203(d).

11.     Under the FLSA, Defendant Herman Losely and Son, Inc., is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defend Defendant Herman Losely and Son, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Herman Losely and Son, Inc.

12.     Defendant Karl Losely is an owner of Herman Losely and Son, Inc. and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13.     Under the FLSA, Defendant Karl Losely is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Karl Losely is an owner of Herman Losely and Son, Inc. He had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Herman Losely and Son, Inc.. As a person who acted in the interest of Herman Losely and Son, Inc. in relation to the company's employees, Karl Losely is subject to individual liability under the FLSA.

14.     Defendant Edward Losely is an owner of Herman Losely and Son, Inc.and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15.     Under the FLSA, Defendant Edward Losely is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Edward Losely is an owner of Herman Losely and Son, Inc.  He had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Herman Losely and Son, Inc.  As a person who acted in the interest of Herman Losely and Son, Inc. in relation to the company's employees, Edward Losely is subject to individual liability under the FLSA.

16.     Plaintiff is further informed, believe, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

17.     Defendants, and each of them, are sued in both their individual and corporate capacities.

18.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

19.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

20.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply Arizona Defendants

-4-

21.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

22.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24.     At all relevant times, Plaintiff, in his work for the Defendants, was engaged in interstate commerce.

25.     At all relevant times, Plaintiff, in his work for the Defendants, handled goods or materials that had moved or been produced in interstate commerce.

26.     At all relevant times, Plaintiff, in his work for the Defendants, regularly served customers who traveled to, through, or from Ohio in their travels to, through, or from other states.

27.     At all relevant times, Plaintiff, in his work for the Defendants, communicated with customers and potential customers using the telephone and internet.

28.     At all relevant times, Plaintiff, in his work for the Defendants, accepted and processed credit card payments from customers on a daily basis.

## FACTUAL ALLEGATIONS

29.     Defendants own and/or operate as Herman Losely and Son, Inc., an enterprise located in Lake County, Ohio.

30.     Defendant Herman Losely and Son, Inc. is an enterprise that is a wholesale nursery.

31.     On approximately July 4, 2016, Plaintiff began employment with Defendants as a sales and customer service representative and manual laborer, performing various repetitive tasks such as customer service, sales, order picking/shipping, inventory, maintenance, and other manual labor.

32.     Plaintiff was not a manager in his work for Defendants.

33.     Plaintiff did not have supervisory authority over any employees in his work for Defendants.

34.     Plaintiff did not possess the authority to hire or fire employees in his work for Defendants.

35.     Plaintiff did not possess the authority to make critical job decisions with respect to any Herman Losely and Son, Inc. employee in his work for Defendants.

36.     Plaintiff did not direct the work of two or more employees in his work for Defendants.

37.     Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

38.     Plaintiff did not perform office or non-manual work for Defendants in his work for Defendants.

39.     Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

40.     At all relevant times, Plaintiff, in his employment with Defendants, was not employed in agriculture as defined by the FLSA and supporting regulations.

41.     At all relevant times, Defendants, used more than 500 man-days of agricultural labor, as defined by the FLSA and supporting regulations, during at least one calendar quarter of the preceding calendar year, as defined by the FLSA and supporting regulations.

42.     For the duration of Plaintiff's employment with Defendants, Plaintiff was compensated at a rate of $45,000.00 annually.

43.     For the duration of Plaintiff's employment with Defendants, he has been a non-exempt employee.

44.     Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

45.     Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

46.     Specifically, during his employment, Plaintiff routinely worked in excess of 50 hours per week and was not paid the premium one-and-one-half times his regular rate of pay as required under the FLSA for hours worked over 40 in a workweek.

47.     In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, Plaintiff worked between approximately five (5) and thirty (30) hours of overtime without being compensated at one-and-one-half times his regular rate of pay for such time worked.

48.     Plaintiff worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

49.     Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

50.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

51.     Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

52.     Plaintiff was a non-exempt employee.

53.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

54.     Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

55.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

56.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY PROPER OVERTIME RATE

57.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58.     Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

59.     In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

60.     As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

61.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

62.     As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

63.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

64.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

65.     Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Michael Henry, individually, respectfully requests that this Court grant the following relief in Plaintiff Michael Henry's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one or more of the following acts:

    i.     violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

    ii.     willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest;

D.     For the Court to award Plaintiff a reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

E.     Such other relief as this Court shall deem just and proper.

RESPECTFULLY SUBMITTED this 18th day of April, 2018.

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 089601)
Christopher J. Bendau
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com


By: /s/ *James L. Simon*
James L. Simon (OH No. 89483)
Law Offices of Simon & Simon
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com